NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-379-KKC

LAMARR FLETCHER                                                                                          PETITIONER

VS:                           **MEMORANDUM OPINION AND ORDER**

ATTORNEY GENERAL OF THE
    UNITED STATES, et al.                                                                              RESPONDENTS

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Petitioner Lamarr Fletcher, who is in the custody of the Federal Bureau of Prisons ("BOP") and currently confined in the Grayson County Detention Center, in Leitchfield, Kentucky,[1] has submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, and has moved to proceed *in forma pauperis*.

The Petition is before the Court for screening.  28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002).[2]  For the reasons set forth below, the Petition will be denied and this cause of action dismissed.

### ALLEGATIONS AND CLAIMS

---

[1] It appears that the BOP has only temporarily taken Petitioner from the Federal Medical Center in Lexington, Kentucky, to a county jail for the purpose of Petitioner's re-sentencing.  He apparently remains in BOP custody and will be returned to the federal facility upon that re-sentencing.  The Court finds no legal significance in this temporary move.

[2] As this litigant is appearing *pro se,* his pleadings are held to less stringent standards than those drafted by attorneys.  *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor.  *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).  But the Court may dismiss a Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief.  *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

Petitioner claims that he is entitled to credits toward his federal sentence for an almost three-year period of time which he spent in State custody prior to his federal sentencing, but the BOP has refused to give him the credits. Petitioner specifically alleges that he is entitled to credit from October 21, 2003, when he was on parole from a life sentence and was arrested by a Tennessee Sheriff, until September 21, 2006, when he was sentenced for drug offenses in the United States District Court for the Middle District of Tennessee.

Fletcher was initially held on the State parole violation for approximately two months, from his arrest on October 21st until December 15th of 2003. On that December 15th date, the federal authorities "borrowed" him for federal court appearances. Petitioner alleges that he had a detention hearing where the Magistrate Judge granted his request to be transferred back to the State, but that he was not taken back to the State's custody until after his federal sentencing. He was sentenced to 168 months imprisonment in *United States v. Fletcher*, M.D. Tenn. No. 3:03-00190, on September 21, 2006.

Soon after the federal sentencing, the Petitioner was returned to Tennessee custody. His parole was revoked on January 9, 2007, and he served a violator term of imprisonment for the next 18 months, until July 2, 2008. During that time, in the federal criminal proceeding, the Petitioner moved for and was granted an Order permitting "his federal sentence to run concurrently to his state sentence ('retroactive designation')." Petition, Attachment dated December 21, 2007.

On July 2, 2008, Fletcher was re-paroled by the Tennessee Board of Parole and his custody was relinquished to federal authorities. Because of the federal court's grant of a retroactive designation, the BOP calculates that Fletcher's sentence began on the date that it was imposed, September 21, 2006. Petitioner, however, claims that he should get credits for all of the

presentencing time since his October 21, 2003, arrest, until September 21, 2006, the date when his federal sentence was imposed.

To obtain credits for the presentencing time in custody, from October 21, 2003, to September 21, 2006, Petitioner initiated a request in the BOP's administrative remedy program. The response was that the BOP's calculation was governed by 18 U.S.C. § 3585. Under subsection (b) of the statute, credits for pre-sentencing custody are permitted only for time spent in custody "that has not been credited against another sentence." 18 U.S.C. § 3585(b). The BOP explained that it had contacted the Tennessee Department of Corrections, which confirmed that Fletcher had received credit toward his violator term of imprisonment, from the October 21, 2003, arrest date, until he was re-paroled on the July 2, 2008, date. Therefore, a double credit for the same presentencing time in detention is barred.

Petitioner claims, however, that the BOP's decision was unsupported by any documentary proof from the State authorities that he received the presentencing credits for this time period. Nor, he contends, was there any inquiry made to the federal judge as to his or her intent to begin the running of federal sentence at the time of his arrest. Fletcher also alleges that the Tennessee Parole Board and he were "under the impression the federal sentence ran concurrent with the State Life Sentence because the Federal Judge ordered the federal sentence to run concurrent . . . and the State Life Sentence never expires."

Therefore, the Petitioner concludes, he should have 2 years and 11 months of presentencing credit toward his federal sentence, "which should cause petitioner to be immediately released."

## DISCUSSION

Fletcher has posited a question of fact (proof that the time spent in custody prior to his federal

3

sentencing was actually applied to another sentence) and an issue of law (the legal significance of the retroactive designation). The Court will require a Response to Fletcher's Petition to resolve these matters.

To do so, the Court must address another matter. For an action brought pursuant to § 2241, the United States Code provides that an application for a writ of habeas corpus shall name the person who has custody over the petitioner. 28 U.S.C. § 2242. Likewise, 28 U.S.C. § 2243 provides that the writ or order to show cause is to be directed "to the person having custody of the person detained." The warden of the facility at which the petitioner is currently serving his sentence is the petitioner's custodian within the meaning of 28 U.S.C. §§ 2241-2243 and is the appropriate respondent to a writ of habeas corpus. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986); *Belliterri v. U.S. Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976).

Although the Petitioner has named the U.S. Attorney General as the respondent, the Court takes judicial notice that the Warden of the Federal Medical Center is currently Deborah A. Hickey, and she is, therefore, his immediate custodian and the proper Respondent. Accordingly, in light of the foregoing allegations, the Petitioner's exhaustion of the BOP administrative remedy program, and the Court being otherwise advised, **IT IS ORDERED** as follows:

(1)  Petitioner's Motion to Proceed *in forma pauperis* [Record No. 3] is **GRANTED**.

(2)  The Respondent in this action is construed to be Warden Deborah A. Hickey.

(3)  The Clerk of the Court shall serve by certified mail, return receipt requested, a copy of the instant Petition and this Order upon Respondent Warden Debra Hickey, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(4)     Respondent, by counsel, shall answer or otherwise defend within thirty (30) days of the date of entry of this Order.  Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the Petition.

(5)     Upon entry of a Response herein or upon the expiration of said period of time, the Clerk of the Court shall submit the matter for review.

(6)     The Petitioner shall keep the Clerk of the Court informed of his current mailing address.  *Failure to notify the Clerk of any address change may result in a dismissal of this case*.

(7)     For every further pleading or other document he wishes to submit for consideration by the court, the Petitioner shall serve upon the Respondent, or, if appearance has been entered by counsel, upon the attorney, a copy of the pleading or other document.  The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to the Respondent or counsel.  If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of a copy, as above, the document will be disregarded by the Court.

Dated this 7th day of December, 2009.

Signed By:
*Karen K. Caldwell*  KKC
**United States District Judge**