UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-379-KKC

LAMARR FLETCHER, PETITIONER

V. **MEMORANDUM OPINION AND ORDER**

ATTORNEY GENERAL OF THE
UNITED STATES, ET AL., RESPONDENTS

\* \* \* \* \* \*

Petitioner Lamarr Fletcher ("Fletcher"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"), is currently confined in the Federal Medical Center in Lexington, Kentucky. Fletcher has submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, claiming that the BOP improperly failed to award him nearly three years (2 years and 11 months) of prior custody credit that should have been applied to his current federal sentence. In this action, Fletcher seeks the award of that time to be applied to his sentence.

Upon the full briefing of this matter, by Order of April 16, 2010, this action was stayed pending Fletcher's resentencing hearing in the underlying criminal case, *United States v. Lamarr Fletcher*, Case No. 3:03-00190(2), in the United States District Court for the Middle District of Tennessee at Nashville, which was held on May 3, 2010, and the filing of reports by the parties within thirty (30) days thereafter concerning that resentencing. Each party having filed a status report, this matter is ripe for further consideration.

In summary, this action concerns (1) the interplay of federal and state sentences, (2) determining when one is in federal custody and/or state custody, (3) the interplay of concurrent federal and state sentences, (4) determining when a federal sentence begins to run, (5) Title 18 U.S.C. § 3585(b) and BOP Program Statement 5880.28 ("PS 5880.28), and (6) prior custody credits to which an inmate may be entitled on his federal sentence pursuant to applicable case law. Upon review of this matter, the Court concludes that Fletcher is not entitled to any additional jail time

credit on his federal sentence and will dismiss Fletcher's § 2241 petition. The rationale for this decision is set out below.

## FACTUAL AND PROCEDURAL BACKGROUND

In order to determine whether the BOP's calculation of Fletcher's jail time credit is correct, a brief, chronological summary/time-line of Fletcher's dates of arrest and detention on state and federal charges, including the respective sentences he has received and served, and other relevant dates is necessary. That chronology follows:

**October 21, 2003** - Fletcher was arrested on a Tennessee state parole violation charge. He was detained in state custody at that time.

**December 15, 2003 -** Pursuant to a writ of habeas corpus *ad prosequendum*, federal authorities "borrowed" Fletcher from state custody for an appearance in federal court on federal drug charges.

**September 21, 2006** - Fletcher was sentenced on the federal drug charges and received a 168-month sentence of imprisonment. After sentencing, on September 27, 2006, federal authorities returned Fletcher to the Tennessee Department of Corrections ("DOC"). Fletcher appealed his conviction to the United States Court of Appeals for the Sixth Circuit.

**January 9, 2007 -** Fletcher's state parole was revoked; he continued to serve his state sentence. While in state custody, Fletcher requested the BOP to give him a *nunc pro tunc* designation, which would allow his federal sentence to begin running concurrently with the state sentence he was then serving, with the federal sentence to commence on September 21, 2006, the date of sentencing. In response to this request, BOP sentence computation staff wrote a letter to Fletcher's federal sentencing judge seeking input from the Court on Fletcher's request for *nunc pro tunc* designation.

**December 21, 2007 -** the federal court entered an Order in Fletcher's criminal case indicating that it had no objection to Fletcher's state and federal sentences running concurrently and to giving Fletcher a *nunc pro tunc* designation so that the service of Fletcher's federal sentence would commence on September 21, 2006. Thereafter, the BOP calculated Fletcher's 168-month sentence

computation to reflect that it commenced on September 21, 2006. Fletcher's projected release date on the federal sentence is December 2, 2018.

**July 2, 2008 -** Fletcher was paroled by the state of Tennessee and federal authorities took him into their custody to serve the federal sentence that is at issue in this action.

**October 1, 2008 -** the Sixth Circuit affirmed Fletcher's federal conviction.

**May 3, 2010 -** On remand from the Sixth Circuit, Fletcher was resentenced on the federal charges and received the same 168-month sentence as he did at the original sentencing on September 21, 2006; however, on resentencing, the trial court ordered that this 168-month sentence run concurrently with all state sentences. Additionally, on resentencing, the trial court also made the following recommendation to the BOP: "1. Credit for time served since arrest on October 21, 2003." See Amended Judgment In a Criminal Case, page 2 (Record No. 620 in *United States v. Lamarr Fletcher*, No. 3:03-00190-02).

## ANALYSIS

**I.     DOCTRINE OF PRIMARY CUSTODIAN JURISDICTION**

The concept of primary custodial jurisdiction is grounded in *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922). In *Ponzi*, the Supreme Court held that the question of which sovereign exercises custodial jurisdiction over an individual charged with crimes against two sovereigns was a matter of comity between the two sovereigns. It is well-settled that primary custodial jurisdiction remains vested in the sovereign that firsts arrests the defendant until that sovereign relinquishes its priority over the defendant. *See, Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *Roche v. Sizer*, 675 F.2d 507, 509-510 (2nd Cir. 1982). Courts have uniformly held that primary custody remains with the sovereign that initially arrested a prisoner, even when the prisoner is taken elsewhere by federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. *See, United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *see also United States v. Insley*, 927 F.2d 185, 186-87 (4th Cir. 1991) ("official detention" in 18 U.S.C. § 3585–the successor statute to § 3586–means "physical incarceration"); *Huffman v. Perez*, No. 99-6700, 2000 WL1478368 (E.D. Ky., Sept. 27, 2000)

(defendant spent 26½ months primarily in the custody of North Carolina and secondarily in the custody of the U.S. Marshal's Service pursuant to the writ of habeas corpus *ad prosequendum*).

In the present action, while Fletcher was in the primary custody of Tennessee on the state parole violation charge, he was "borrowed" from the state of Tennessee, pursuant to a writ of habeas corpus *ad prosequendum*, by the United States Marshal for purposes of appearing in federal court on various proceedings related to the federal charges. However, as noted above, the temporary removal or transfer of a prisoner from state custody to federal authorities, in compliance with a writ of habeas corpus *ad prosequendum*, does not operate to transfer primary custodial jurisdiction from the state to federal authorities. In short, such a transfer does not alter the fact that the prisoner remains in the primary custody of the state. *See, e.g., Easley v. Stepp*, 5 F. App'x 541 (7th Cir. 2001).

Generally, primary jurisdiction can be relinquished by operation of law, such as bail release, dismissal of the state charges, parole release, or expiration of state sentence. *Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D. Pa. 1996). Also, primary jurisdiction may also be relinquished by the mutual agreement of the two custodial jurisdictions. *United States v. McCrary*, 220 F.3d 868 (8th Cir. 2000); *Poland v. Stewart*, 117 F.3d 1094, 1098 (9th Cir. 1997). Thus, the sovereign with primary jurisdiction may elect under the doctrine of comity to relinquish its jurisdiction to another sovereign, if that sovereign accepts. This discretionary election is an executive function of the two sovereigns. *Poland*, 117 F.3d at 1098. In Fletcher's case, Tennessee did not relinquish its primary custodial jurisdiction over Fletcher to the United States.

## II.  STATUTORY AUTHORITY

As pointed out in BOP PS 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, prior custody time credit on a federal sentence is controlled by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

4

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b). (emphasis added).

Thus, pursuant to the foregoing statute, a defendant is only entitled to credit for time "that has not been credited against another sentence." In essence, Section 3585(b) prohibits awarding dual credit on a federal sentence. Under the statute, the Attorney General, through the BOP, is authorized to grant credit for any presentence detention to a prisoner. *See, e.g., United States v. Wilson*, 503 U.S. 329, 333-35 (1992). However, a federal inmate is not entitled to any credit for time attributed to a state sentence. *Wilson*, 503 U.S. at 337 (1992); *Nguyen v. Department of Justice*, No. 97-6489, 1999 WL 96740, (6th Cir., Feb. 3,1999) (time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence). The Sixth Circuit has consistently held that if a prisoner received credit towards his state sentence for the time spent in question, he may not also receive prior custody credit for this time toward his federal sentence. *See e.g., Huffman*, 230 F.3d at 1358; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Garrett v. Snyder*, 42 Fed. App'x 756 (6th Cir. 2002).

Consequently, Fletcher is not entitled to additional credit toward his federal sentence as he has already received credit toward his state sentence from October 21, 2003, the date of his arrest on the state parole violation charge, to the date of his federal sentencing, September 21, 2006, the period of time for which he is seeking credit. Any further benefit would result in improper "double crediting," in violation of 18 U.S.C. § 3585(b).

### III. CONCURRENT SENTENCES AND NUNC PRO TUNC DESIGNATION

18 U.S.C. § 3584(a) states, in pertinent part, that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

**A.     The September 21, 2006 federal sentence**

Following a jury trial, Fletcher was convicted in the United States District Court for the Middle District of Tennessee of nine counts of narcotics trafficking under 21 U.S.C. §§ 841 and 846. On September 21, 2006, Fletcher received a 168-month sentence on each of the nine counts in the indictment, all of which were ordered to run concurrently with one another. The federal court was silent on the issue of whether the federal sentence would run concurrently or consecutively to any state sentence. Thus, the federal sentence imposed on September 21, 2006, was a consecutive sentence, pursuant to 18 U.S.C. § 3584; therefore, as such, it did not begin to run on September 21, 2006, since Fletcher was in the custody of Tennessee at that time, and Fletcher was returned to the Tennessee DOC following sentencing.

**B.     The January 9, 2007, state parole violation sentence**

Fletcher's state parole was revoked, and he remained in state custody where he had been since his arrest on October 21, 2003.

**C.     Fletcher's *nunc pro tunc* designation**

Subsequent to the imposition of his federal sentence, Fletcher requested the BOP to give him a *nunc pro tunc* designation, which would allow his federal sentence to begin running concurrently with the state sentence he was then serving. If the BOP granted Fletcher's request and gave him a *nunc pro tunc* designation, his federal sentence would have a commencement date of September 21, 2006, the date of sentencing, even though Fletcher was in state custody at that time.

In response to this request, by letter dated March 23, 2007, Rebecca Tamez, the Chief of BOP's Designation and Sentence Computation Center, informed Fletcher's federal sentencing judge of Fletcher's request for *nunc pro tunc* designation. The BOP advised the court that it was considering Fletcher's request and requested the judge's recommendation on this request before making a decision thereon. After considering the matter and obtaining a response from the prosecuting United States Attorney on this issue, by Order of December 21, 2007, the sentencing court granted Fletcher's request for retroactive (*nunc pro tunc*) designation. Given this advice from

the court, the BOP assigned Fletcher's federal sentence a commencement date of September 21, 2006, with a projected release date of December 2, 2018.

Fletcher disagreed with the BOP's determination that with the *nunc pro tunc* designation, his federal sentence would commence on September 21, 2006. Fletcher took the position that with the *nunc pro tunc* designation, the BOP should have given his federal sentence a commencement date of October 21, 2003, the date he was arrested on the state parole violation charge, and should have awarded him additional credit for time served of 2 years and 11 months on his federal sentence. The BOP denied Fletcher's request to calculate the commencement date of his federal sentence as of October 21, 2003.

**D.     The May 3, 2010 resentencing on the federal conviction**

Fletcher's conviction on the federal charges was affirmed on direct appeal. However, Fletcher petitioned the Sixth Circuit for rehearing to remand the case to the trial court for resentencing. Ultimately, on January 26, 2009, the Sixth Circuit remanded Fletcher's case to the trial court for the limited purpose of resentencing.

Fletcher was resentenced on May 3, 2010. The trial court reimposed a 168-month sentence on each of the nine counts to run concurrently with one another, and the trial court ordered that this 168-month sentence run concurrently with all state sentences. Additionally, on resentencing, the trial court also made the following recommendation to the BOP: "1. Credit for time served since arrest on October 21, 2003." See Amended Judgment In a Criminal Case, page 2 (Record No. 620 in *United States v. Lamarr Fletcher*, No. 3:03-00190-02). Thus, it was the intention of the trial court that Fletcher receive credit on his federal sentence for all of the time served since his arrest on October 21, 2003, on the state parole violation charge, meaning essentially that the trial court intended that Fletcher's 168-month federal sentence begin running as of October 21, 2003, instead of September 21, 2006.

Irrespective of the sentencing court's intention and the language contained in the Amended Judgment In a Criminal Case entered on May 3, 2010, the BOP has maintained its position that

pursuant to 18 U.S.C. § 3585(b) and PS 5880.28, Fletcher is not entitled to prior custody credit on the federal sentence for the pre-sentence time he spent in detention from his arrest on October 21, 2003, arrest until his date of sentencing, September 21, 2006, because that time spent in detention had already been credited against his state parole violation sentence. The BOP's position on this matter is explained by J.R. Johnson, who is employed by the BOP as a Correctional Program Specialist at the Designations & Sentence Computation Center in Grand Prairie, Texas. In response to Fletcher's § 2241 petition, and in support of its position on this matter, the BOP has filed two different declarations by J.R. Johnson. One declaration was filed on January 28, 2010, prior to Fletcher's resentencing on May 3, 2010, and the second declaration was filed on July 15, 2010, subsequent to Fletcher's resentencing. Mr. Johnson's most recent Declaration is dated June 2, 2010, and states, in relevant part, as follows:

Declaration of J.R. Johnson

2. I have reviewed Petitioner's new Judgment and Commitment Order which was issued after his re-sentencing in the Middle District of Tennessee. This Order contains a recommendation for Petitioner to receive prior custody credit for the time period from his October 21, 2003, arrest, until September 21, 2006. This time period is the prior custody credit at issue in the above-styled case.

3. However, as discussed in my original declaration, Petitioner is not entitled to prior custody credit under 18 U.S.C. § 3585(b) for the pre-sentence time from his October 21, 2003, arrest, until September 21, 2006, when his federal sentence was imposed, because it has already been credited against his state parole violation sentence. Under 18 U.S.C. § 3585(b) and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), "a defendant shall be given credit [for prior custody] toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*"

4. PS 5880.28, page 1-27, states, "[s]hould the Judgment and Commitment order make a recommendation that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage and the credit will not be allowed." Therefore, in accordance with policy, the Bureau of Prisons will treat this recommendation for prior custody credit as surplusage since it is not authorized by 18 USC 3585(b).

5. Accordingly, the Bureau of Prisons will respectfully decline to follow the recommendation in Petitioner's new Judgment and Commitment Order, and Petitioner will not receive any of the prior custody time recommended in this Order. Petitioner's current sentence computation will not be changed by this Order.

Declaration of J. R. Johnson, pp. 1-3, June 2, 2010 (attachment to Respondent's Notice of Filing Corrected Declaration filed on July 15, 2010 - DE #18).

Based on the statutory authority referenced in the foregoing Declaration of J.R. Johnson, the court concludes that the BOP correctly concluded that Fletcher is not entitled to any prior custody credit on his federal sentence for the time between October 21, 2003, and September 21, 2006, and that the BOP correctly discerned that the sentencing court's recommendation to the BOP was unauthorized surplusage that was not binding on the BOP.

It must be kept in mind that when Fletcher's 168-month federal sentence was imposed on September 21, 2006, Fletcher was still in state custody; therefore, Fletcher's federal sentence did not begin to run at that time because he was in state custody. However, after the federal court subsequently ordered his federal sentence to run concurrently with his state sentence and granted Fletcher's request for retroactive (*nunc pro tunc*) designation, his federal sentence commenced on September 21, 2006, the date of Fletcher's original federal sentencing. The earliest date a federal sentence can commence is the date it is imposed.

> As a general rule, a term of incarceration commences on the date that the BOP takes custody of the prisoner to commence service of his federal sentence. 18 U.S.C. § 3585(a). To give due effect to this statutory provision, even where a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the *undischarged* portion of the prior state conviction. *See United States v. Tackles*, 2003 WL 1849350 (10th Cir. 2003); *Bianco v. Minor*, 2003 WL 21715347, **10-15 (M.D. Pa. 2003).

*Blecher v. E.K. Cauley*, No. 08-132, 2009 WL 464932 *2 (E.D. Ky., Feb. 24, 2009) (emphasis in original). The *Blecher* court further explained that the Sixth Circuit has held that any attempt to "adjust" the commencement date of a federal sentence would violate 18 U.S.C. § 3585(a) [*Id.*]

Consequently, Fletcher's federal sentence did not begin to run September 21, 2006, and, as a matter of law, it does not "relate back" to October 21, 2003, the date Fletcher was arrested on the state parole violation charge.

9

E.     **Credit on Fletcher's federal sentence under the *Willis and Kayfez* cases**

At Fletcher's resentencing on May 3, 2010, the federal court ordered his 168-month federal sentence to run concurrently with all state sentences. When a federal and state sentence are running concurrently, for any reason, and the prisoner's federal full term expiration date exceeds his state full term expiration date, the BOP can utilize a procedural application and award the prisoner prior custody credit pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) or *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). See Declaration of J. R. Johnson, ¶ 16, January 4, 2010 (attachment to Respondent's Response to Petition for Writ of Habeas Corpus filed on January 28, 2010 - DE #8). Additionally, pursuant to BOP policy, if a federal prisoner is granted a *nunc pro tunc* retroactive designation, as Fletcher was, the BOP will conduct an examination of this federal prisoner's sentence computation to determine of the inmate is entitled to possible credit pursuant to the *Willis* and *Kayfez* cases. See Declaration of J. R. Johnson, ¶ 17, January 4, 2010 (attachment to Respondent's Response to Petition for Writ of Habeas Corpus filed on January 28, 2010 - DE #8).

Accordingly, after Fletcher was in federal custody, the BOP sentencing staff examined Fletcher's case to see if he might be entitled to credit on his federal sentence under the *Willis* and *Kayfez* cases. [*Id.*]. However, Fletcher was found not to be entitled to such credit because his Tennessee state sentence exceeded the full term date of his federal sentence. [*Id.*].

In summary, Fletcher has received all credit he is due towards his federal sentence. He is not entitled to the time he seeks because it has already been applied to his state parole violation sentence, and his *nunc pro tunc* retroactive designation can commence no earlier than the date of imposition of his federal sentence. Additionally, Fletcher is not entitled to any other credit against his federal sentence under the *Willis* and *Kayfez* cases.

**CONCLUSION**

The fatal flaw in Fletcher's claim is that he fails to appreciate that he was in state custody after he was arrested on October 21, 2003, on the state parole violation charge, and he was still in state custody on September 21, 2006, the date his of the original 168-month federal sentence. After

the federal sentencing court granted his request for retroactive *nunc pro tunc* designation, the BOP assigned Fletcher's federal sentence a commencement date of September 21, 2006, the earliest date it could commence as a matter of law.

Consequently, Fletcher is not entitled to any further prior custody credit on his federal sentence. Fletcher's federal sentence was properly computed. For the foregoing reasons, Fletcher's habeas petition filed pursuant to 28 U.S.C. § 2241 is without merit and must be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The petition filed by Lamarr Fletcher for a for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] is **DENIED**;

2. This action will be **DISMISSED** and **STRICKEN** from the active docket; and,

3. Judgment shall be entered contemporaneously with this Order in favor of the named Respondents, Attorney General of the United States and the Bureau of Prisons.

Dated this 5th day of October, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge