UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| LAMARR FLETCHER, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 09-379-KKC |
| | ) |
| V. | ) |
| | ) **MEMORANDUM ORDER** |
| ATTORNEY GENERAL OF THE | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Respondents. | ) |

**** **** **** ****

This matter is before the Court on Petitioner Lamarr Fletcher's motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b) [DE 32], concerning the dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241. [DE 19, 20]

**FACTUAL AND PROCEDURAL BACKGROUND**

For the reasons stated in the Memorandum Opinion and Order ("MOO") entered on October 5, 2010, the Court denied Fletcher's § 2241 habeas petition. [DE 19] Fletcher appealed that denial to the Court of Appeals for the Sixth Circuit. While Fletcher's appeal was still pending, in a letter addressed to the undersigned dated October 16, 2012, Fletcher provided the Court with a copy of his State Sentencing Information sheet [DE 25-1] reflecting certain jail credit the State of Tennessee had given him on his state sentence relevant to his § 2241 habeas petition. Fletcher advised the Court that he considered this information to be newly discovered evidence, which was not previously available to him, and he claimed that this newly discovered evidence was proof that Tennessee had not awarded him the jail credit that he was seeking in his § 2241 habeas petition. Fletcher's letter

acknowledged that his appeal was still pending[1], and he requested the Court to certify his attached copy of the State Sentencing Information and forward it to the Sixth Circuit for its consideration. Fletcher's letter was filed of record. [DE 25]

For the reasons stated in the Order of October 23, 2012 [DE 26], the Court construed Fletcher's letter as a Rule 60(b) motion for relief from judgment and denied that motion because as a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court.[2] *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). Fletcher appealed, but the Sixth Circuit Court of Appeals affirmed the denial of Fletcher's construed Rule 60(b) motion. [DE 35]

On April 8, 2013, Fletcher filed the present motion for relief from judgment, pursuant to Rule 60(b), concerning both the denial of his § 2241 habeas petition and the denial of his prior construed Rule 60(b) motion. [DE 32] Having been fully briefed [DE 33, 34], this motion is ripe for review.

**DISCUSSION**

Subsequent to the denial of his § 2241 habeas petition, Fletcher obtained information concerning the jail credit he had received from the State of Tennessee on the state parole violation sentence applicable at the time he was removed from state custody on a federal writ of habeas corpus *ad prosequendum*. Fletcher advised that he did not have and was unaware of this information previously and that it was not in the record before the Court when it dismissed Fletcher's habeas petition in October 2010. At that time, the only information that was of record concerning the jail

---

[1] On October 31, 2012, the Sixth Circuit affirmed the denial of Fletcher's habeas petition. [DE 29]

[2] Although the Sixth Circuit has noted an exception to this rule, which allows a district court to entertain a motion for relief from judgment after an appeal has been filed, *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976), the choice to entertain a post-judgment motion while an appeal is pending is a decision within the district court's discretion. *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

2

credit Fletcher had received on his state sentence was information contained in an e-mail exchange between Nancy Davis, Legal Instruments Examiner, at the BOP's Designations & Sentence Computation Center ("DSCC") in Grand Prairie, Texas, and Jeannetta Kimbro at the Tennessee Department of Corrections in January 2008, detailed below:

> The Nancy Davis e-mail to Jeannetta Kimbro, dated 1/22/2008, stated:
>
> It looks as if he was arrested on 10-21-2003 and detained since that date, I am not sure when he was revoked by TN DOC. Please let me know the date is [sic] was revoked, the date he came back into your system, any jail credit or any other credit applied to his sentence, the actual term in effect of his sentence and the date that you expect him to expire.
>
> The Jeannetta Kimbro response e-mail to Nancy Davis, dated 1/25/2008, stated:
>
> He was paroled 6-7-99 on case #8501981 ct 1 and ct 2. He was returned to the county jail on a parole violation warrant 10-21-03, he was transferred to DOC 11-18-03 and his parole was revoked 1-9-07. He received all parole time and time served credits from 10-21-03.
> When convicted he was sentenced as a Habitual offender, which has no expiration date. It is calculated like a life sentence. It will never expire, but he can be paroled on this type of sentence.
> Mr. Fletcher has just had a parole hearing on 1-17-08, but the decision on the hearing has not been entered in the system.
> Hope this is what you need.
> Jeannetta

[DE 32-1, page 15]

It appears that the information contained in the e-mail from Jeannetta Kimbro to Nancy Davis at the BOP's DSCC is the only information the Tennessee DOC provided to the BOP concerning the amount of jail credit Tennessee had given Fletcher on his state sentence. Based on that information, J.R. Johnson, the BOP's Correctional Programs Specialist at the DSCC, concluded that Fletcher was not entitled to any additional jail credit on his federal sentence because all of the time Fletcher had

3

been in custody following his arrest in Tennessee on October 21, 2003, had been credited to his state sentence. [DE 8-3, page 5, ¶ 11]

The Offender Sentence Letter on which Fletcher relies indicates that he received 213 days of pretrial jail credit on his state sentence relating to his 1985 case #8501981. [DE 32-1, pp. 6-7] Based on this Offender Sentence Letter [DE 32-1] and the e-mail Jeannetta Kimbro sent to Nancy Davis on January 25, 2008, Fletcher came to believe that had received *only* 213 days of jail credit on his state sentence between October 21, 2003, the date he was arrested on a state parole violation warrant, and September 21, 2006, the date he was sentenced on the federal charges and received a 168-month sentence.

To rectify this perceived sentencing credit error that Fletcher thought had occurred concerning his state parole violation sentence, on December 23, 2012, Fletcher wrote a letter to Jeannetta Kimbro, Manager, Sentence Information Services, at the Tennessee DOC, revisiting this matter with her and requesting her assistance in getting this perceived sentencing credit error corrected. [DE 32-1, pp. 12-13] On March 7, 2013, Ms. Kimbro responded to Fletcher's letter, stating that when responding to Ms. Davis's e-mail, she "forgot to add your pre-trial jail credit of 213 days to the e-mail message that was sent." [DE 32-1, p. 3] Ms. Kimbro also advised that she would send a corrected e-mail to Ms. Davis listing his pre-trial jail credit of 213 days. *Id.*

In response to Fletcher's Rule 60(b) motion, Respondent's counsel communicated with Jeannetta Kimbro, Manager, Sentence Information Services, Tennessee DOC., first by telephone and followed-up with an e-mail. [DE 33-1] In his e-mail, counsel provided Ms. Kimbro with the same documents on which Fletcher had relied in support of his Rule 60(b) motion. Based on those

documents and any other documents Ms. Kimbro might have, counsel posed the following questions to her:

> Did Tennessee credit the time that Lamarr Fletcher was being held by federal authorities pursuant to a writ of Habeas Corpus ad Prosequendum, from 11-18-03 up through his return to state corrections (9-26-06) against his state sentence?
>
> Would that time be credited as "time served" or as "pretrial"?
>
> Does a TOMIS printout show credits for time served? (I understand this to be "no")
>
> Thank you.

DE 33-1.

> In her response, Ms. Kimbro stated:
>
> Mr. Fletcher received time serve[d] credit from 11-18-03 to 7-20-08 when he was released on parole to his Federal detainer. This includes when he was out to court to Federal authorities from 7-24-04 to 9-27-06.
> Tomis printouts do not have a field to show time serve[d] credit.
> If you need anything further just let me know.

*Id.*

## ANALYSIS

First, Ms. Kimbro's e-mail to Nancy Davis on January 25, 2008, states that Fletcher "received all parole time and time served credits from 10-21-03." While this e-mail does not itemize the various types of credit received (Behavior Credit, Program Credit, Pretrial Credit, etc), it clearly states that Fletcher received all parole time and time served credits on his state sentence, beginning on October 21, 2003, the date of his arrest.

Second, Fletcher is of the mistaken belief that the TOMIS printout establishes that he only received 213 days of pretrial credit on his state sentence. In responding to Fletcher's letter, Ms. Kimbro advised that in her e-mail to Nancy Davis, she forgot to include his pre-trial jail credit of 213

5

days and that she would send an e-mail to Ms. Davis to correct that omission. [DE 32-1, p. 3] Contrary to Fletcher's argument, Ms. Kimbro did not state that Fletcher received *only* 213 days of pretrial credit on his state sentence; she simply stated that she forgot to itemize it as one of the types of credit Fletcher had received on his state sentence.

Third, as Ms. Kimbro clarified in her e-mail to Respondent's counsel, the time spent on a writ of habeas corpus *ad prosequendum* is credited by Tennessee as "time served" and does not appear in any of the categories of time tracked by TOMIS.

The central issue in this case has been whether Tennessee had given Fletcher credit on his state sentence for all of the time he was in secondary federal custody on a writ of habeas corpus *ad prosequendum*, a period of approximately two years and eleven months, prior to his return to the Tennessee DOC after he was sentenced in federal court on September 21, 2006. Contrary to Fletcher's contention, it is clear that he did receive jail credit on his state sentence for all of the time he was in secondary federal custody pursuant to the federal writ of habeas corpus *ad prosequendum*. The BOP has correctly determined that he is not entitled to any additional time on his federal sentence because all the time that he has requested has been credited to his state sentence.

Accordingly, **IT IS ORDERED** that Fletcher's Rule 60(b) motion [DE 32] is **DENIED**.

Dated this 19th day of March, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY